UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY WAYNE BURWELL, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE OFFICE FOR ) <br> UNITED STATES ATTORNEYS, ) <br> ) <br> **Defendant.** ) | Civil Action No. 15-1515 (RJL) <br><br> **FILED** <br> SEP 2 8 2016 <br> Clerk, U.S. District & Bankruptcy <br> Courts for the District of Columbia |

## MEMORANDUM OPINION

(September 27, 2016) [Dkt. # 11]

Plaintiff, a federal prisoner proceeding *pro se*, challenges the response of the Executive Office for United States Attorneys ("EOUSA") to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for certain grand jury information pertaining to his earlier criminal case in the Eastern District of Virginia. EOUSA has released responsive records and has moved for summary judgment under Fed. R. Civ. P. 56. For the reasons explained below, the motion will be GRANTED.

### BACKGROUND

A jury in the U.S. District Court for the Eastern District of Virginia convicted plaintiff of multiple counts of conspiracy to interfere and interference with commerce by violence and use of a firearm during the commission of a crime of violence. *See United States v. Burwell*, 162 F. App'x 203, 204 (4th Cir. 2006) (per curiam).

On December 2, 2014, plaintiff submitted a FOIA request to EOUSA, specifically seeking:

> five pieces of information regarding the grand jury proceedings in my case: 1) the name of the District Court judge in the Eastern District of Virginia who summoned the Second Superceding Indictment grand jury in my criminal case; 2) the date the Second Superceding Indictment grand jury convened; 3) the date the Second Superceding Indictment was returned from the grand jury; 4) the date the grand jury was discharged on the Second Superceding Indictment; 5) A copy of the legal and public Second Superceding Indictment that was returned from the grand jury in my name.

Decl. of Vinay J. Jolly, Ex. A [Dkt. # 11-3]. In November 2015, Paralegal Specialist Ann S. Helms initiated a search for responsive records in the U.S. Attorney's Office for the Eastern District of Virginia. Helms searched the Legal Information Office Network System (LIONS), which is the "case management database that allows each [U.S. Attorney's Office] to maintain, track, and report information on their workload," and located an archived file. Helms Decl. ¶ 3 [Dkt. # 11-4]. Upon retrieving plaintiff's archived file, Helms "physically review[ed] each document" for responsive information. She located a copy of the requested Second Superseding Indictment but "was unable to locate the other requested grand jury information." *Id.* ¶ 4.

Meanwhile, plaintiff filed this civil action on September 17, 2015. On January 7, 2016, EOUSA released the Second Superseding Indictment [Dkt. # 17-1], which consists of six pages. EOUSA released five pages completely. It redacted the names of the prosecuting attorney and the grand jury foreperson from one page pursuant to FOIA exemptions 6 and 7(C), codified in 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2), codified in 5 U.S.C. § 552a. *See* Jolly Decl. ¶¶ 17–19 & Ex. F.

## LEGAL STANDARD

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (alteration in original)). As "employed under FOIA," an individual may access "records written or transcribed to perpetuate knowledge or events." *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987) (internal quotation marks and citations omitted). "Therefore, FOIA neither requires an agency to answer questions disguised as a FOIA request, . . . or to create documents or opinions in response to an individual's request for information." *Id.* (citations omitted).

Summary judgment may be granted solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed, describe "the documents and the justifications for nondisclosure with reasonably specific detail, . . . and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine

issue with respect to whether the agency has improperly withheld . . . agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

## ANALYSIS

Plaintiff asserts that summary judgment is inappropriate as to (1) EOUSA's denial of records under the Privacy Act, (2) EOUSA's search for responsive records, and (3) EOUSA's withholding of third-party names. He is mistaken.

### 1. **The Privacy Act**

Plaintiff does not dispute that the records at issue are maintained in a criminal case file contained in a Privacy Act System of Records, which, pursuant to 5 U.S.C. § 552a(j)(2), has been exempted from the Privacy Act's access provisions. *See* Jolly Decl. ¶ 11. Rather, plaintiff argues that the exemption is inapplicable "because the DOJ never had terriorial [sic] or subject-matter jurisdiction [to arrest or prosecute him or] to enter convictions or hear plaintiff's case." Pl.'s Opp'n at 2 [Dkt. # 14]. Plaintiff has not substantiated that claim with evidence that his convictions have been overturned or otherwise invalidated. Nor has he cited any authority that would preclude the agency from maintaining a file no matter the outcome of his criminal case. Most importantly, plaintiff raises a non-issue because the Privacy Act specifically exempts from its nondisclosure provisions documents that are otherwise required to be disclosed under the FOIA, *see* 5 U.S.C. § 552a(b)(2), and EOUSA processed plaintiff's request under the FOIA. Def.'s Mem. In Supp. Of Mot. for Summ. J at 6 [Dkt. # 11-2]. *See Greentree v. U.S. Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982) (concluding "that section (b)(2) of

the Privacy Act represents a Congressional mandate that the Privacy Act not be used as a barrier to FOIA access"). Accordingly, the Court will grant summary judgment to defendant on the Privacy Act claim.

## 2. **The Adequacy of the Search**

Plaintiff argues that defendant's declarations fail to "establish that EOUSA has made a good faith effort to conduct a search for respons[ive] records . . . because EOUSA has failed to turn up certain records referenced in the documents Plaintiff received." Pl.'s Opp'n at 3. I disagree.

An inadequate search for records constitutes an improper withholding under the FOIA. *See Maydak v. U.S. Dep't. of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003). "The adequacy of an agency's search is measured by a standard of reasonableness and is dependent upon the circumstances of the case." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation marks and citations omitted). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (internal quotation marks and citations omitted). Consequently, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)). As long as the agency conducts a reasonable search, "the failure of an agency to turn up one specific document in its search does not alone render a search

5

inadequate." *Id.* An agency may not ignore obvious "indications in documents found in its initial search that there were additional responsive documents elsewhere." *Id.* But the reasonableness of the search is not undermined by a requester's "mere speculation that as yet uncovered documents may exist[.]" *Id.* at 316 (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)).

EOUSA's declarant, Ann Helms, is responsible for processing FOIA requests for records maintained by the U.S. Attorney's Office for the Eastern District of Virginia, which is where plaintiff was prosecuted. Helms Decl. ¶ 1. Helms avers that she "personally completed a thorough search of all records maintained by [that] office for the items identified in the FOIA request." *Id.* ¶ 3. She began with the LIONS database, which tracks the office's cases and includes such information as file numbers, court case numbers, charges, defendants' names and dispositions, and the investigating agencies and agents' names. Helms states that LIONS "does not separately track the grand jury information identified in [plaintiff's] request, so his physical case file was the only location responsive records were likely to be found." *Id.* Thus, Helms "physically review[ed] each document" retrieved from plaintiff's archived file and located the Second Superseding Indictment. *Id.* ¶ 4. Helms further avers that "the search was conducted utilizing methods which should identify any responsive records," that she knows of "no other files or sources of documents within this office and no other location in the office" where there might be responsive records, and that she knows of no other methods that could have been employed to locate additional responsive records. *Id.* ¶ 6.

Plaintiff counters that he "has clearly offered a number of documents and evidence of circumstances to overcome" defendants' declarations, Pl.'s Opp'n at 5, but he has not pointed to the location of such evidence in the record. On the other hand, plaintiff contends that his "main argument . . . is that the agency knows the records don't [sic] exist[.]" *Id.* at 6. Plaintiff cannot have it both ways. His inconsistent arguments simply fail to create a materially factual dispute about the reasonableness of the search or to call into question the sufficiently detailed declaration describing the search. Accordingly, the Court will grant summary judgment to defendant on this aspect of the FOIA claim.

### 3. **Exemption 7(C)**

Plaintiff contends that EOUSA improperly redacted the names of the Special Assistant United States Attorney ("SAUSA") and the grand jury foreperson from the released superseding indictment. *See* Pl.'s Opp'n at 8. Although defendant withheld the names under FOIA exemptions 6 and 7(C), the Court will address only the latter exemption since the information is indisputably contained in law enforcement records. *See* Jolly Decl. ¶ 12 ("The entire responsive case file pertains to the criminal investigation of Mr. Burwell and was compiled for criminal law enforcement purposes[.]"); *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011) (finding "no need to consider Exemption 6 separately [where] all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)").

FOIA Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of

7

personal privacy." 5 U.S.C. § 552(b)(7)(C). EOUSA withheld the name of the SAUSA who "was responsible for helping to conduct and/or maintain the investigative and prosecutorial activities reported in [the] case." Jolly Decl. ¶ 18. Helms explains that SAUSAs "conduct official investigations into violations of various criminal statutes and come into contact with all strata of society." They "conduct searches and make arrests, both of which result in reasonable, but nonetheless serious disruptions in the lives of individuals." *Id.* Thus, disclosing an SAUSA's name could lead to, among other harms, "unnecessary, unofficial questioning as to the conduct of an investigation" and "hostility" from the targets of the investigation that could "last for years." *Id.*

Similarly, EOUSA withheld the name of the foreperson mentioned in the indictment for similar reasons because such "individuals are in positions to access information concerning official law enforcement investigations." *Id.* ¶ 19. Helms adds that forepersons "could become targets of harassing inquiries for unauthorized access to the details of a criminal investigation if their identities are released." *Id.*

In the absence of an overriding public interest, the "nondisclosure of names or other information identifying individuals appearing in law enforcement records" is routinely upheld. *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003); *see also SafeCard Servs.*, 926 F.2d at 1206 (holding "categorically that, unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure"). EOUSA "could find no legitimate public interest to be served" in disclosing the names,

Jolly Decl. ¶ 18, and neither can the Court. Plaintiff has not asserted, let alone shown by probative evidence, that the withheld names are necessary to "shed any light on the [unlawful] conduct of any Government agency or official." *Griffin v. Exec. Office for U.S. Attorneys*, 774 F. Supp. 2d 322, 326–27 (D.D.C. 2011) (alteration in original) (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772-73 (1989)).

In addition, the fact that plaintiff has obtained "a copy of the unredacted indictment," either from the district court or from a private investigator, Pl.'s Opp'n at 8, is inconsequential because it does not constitute an "official disclosure" that waives EOUSA's right to assert any applicable FOIA exemptions. The right to assert an exemption lies with the agency possessing the requested record, and EOUSA retained the right to assert an applicable FOIA exemption whether or not the plaintiff obtained an unredacted copy of the indictment elsewhere. *Mobley v. CIA*, 806 F.3d 568, 583-84 (D.C. Cir. 2015) ("Disclosure by one federal agency does not waive another agency's right to assert a FOIA exemption."); *Frugone v. CIA*, 169 F.3d 772, 774–75 (D.C. Cir. 1999) ("[W]e do not deem 'official' a disclosure made by someone other than the agency from which the information is being sought."). The Court therefore finds EOUSA's minimal withholding of third-party names from the released indictment proper.

## CONCLUSION

EOUSA has demonstrated its full compliance with the FOIA, and no agency records were improperly withheld under the Privacy Act. Therefore, EOUSA's motion

for summary judgment is GRANTED. An Order consistent with this decision accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge